**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 44965**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2018 Unpublished Opinion No. 326** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: January 18, 2018** |
| | ) | |
| v. | ) | **Karel A. Lehrman, Clerk** |
| | ) | |
| **MICHAEL ROBERT OSBORN,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Samuel A. Hoagland, District Judge.

Judgment of conviction and aggregate, unified sentence of thirty-six years, with a minimum period of confinement of seventeen years, for burglary, aggravated assault on a law enforcement officer, unlawful possession of a firearm, two counts of intimidating a witness and petit theft, <u>affirmed</u>; order denying I.C.R. 35 motion for reduction of sentence, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Jason C. Pintler, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; HUSKEY, Judge;
and LORELLO, Judge

_____

PER CURIAM

Michael Robert Osborn pled guilty to burglary, aggravated assault on a law enforcement officer, unlawful possession of a firearm, two counts of felony intimidating a witness, and petit theft. Idaho Code §§ 18-1401, 18-901, 18-3316(1), 18-2604, 18-2403(1). The district court sentenced Osborn to a total unified sentence of thirty-six years with seventeen years determinate, to run concurrently with Osborn's sentences in three other cases. Osborn filed an Idaho Criminal Rule 35 motion for reduction of sentence, which the district court denied. Osborn appeals

1

asserting that the district court abused its discretion by imposing an excessive sentence and by denying his Rule 35 motion.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Next, we review whether the district court erred in denying Osborn's Rule 35 motion. A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). In conducting our review of the grant or denial of a Rule 35 motion, we consider the entire record and apply the same criteria used for determining the reasonableness of the original sentence. *State v. Forde*, 113 Idaho 21, 22, 740 P.2d 63, 64 (Ct. App. 1987); *Lopez*, 106 Idaho at 449-51, 680 P.2d at 871-73. Upon review of the record, including any new information submitted with Osborn's Rule 35 motion, we conclude no abuse of discretion has been shown.

Therefore, Osborn's judgment of conviction and sentence, and the district court's order denying Osborn's Rule 35 motion, are affirmed.